IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **JERRY KAY LOWE, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   **Civil Action No. 1:18-01207** |
| | ) |
| **MCDOWELL FEDERAL CORRECTIONAL INSTITUTE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

### PROCEDURE AND FACTS

On August 3, 2018, Plaintiff, acting *pro se,* filed his letter-form Complaint and Motion for Temporary Injunction.[1] (Document No. 1.) Plaintiff complained that staff at FCI McDowell were preventing him from initiating a Bivens action by blocking his access to the "law computer." (Id.) Plaintiff, however, acknowledged that FCI McDowell had only one computer in the Special Housing Unit ["SHU"] and staff informed him that there are "people in front of you." (Id.) Plaintiff indicates that he now wishes to proceed with the claim he voluntary dismissed in Civil Action No. 1:18-00947. (Id.) Plaintiff further requested "a temporary injunction to remove me from this facility as soon as possible and to place a lien on any and all defendants within the scope of the suit for the purpose of punitive damages." (Id.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On August 29, 2018, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs and his Amended Complaint alleging violations of his constitutional and civil rights pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 4 and 7.) In his Amended Complaint, Plaintiff names the following as Defendants: (1) Barbara Rickard, Warden of FCI McDowell; (2) "John" Pauley, Correctional Officer at FCI McDowell; (3) "John" Hurd, Correctional Officer at FCI McDowell; and (4) "John" Atkins, Correctional Officer at FCI McDowell. (Document No. 7.) Plaintiff alleges that in May 2018, he was transported to Welch Medical Center after suffering a seizure. (<u>Id.</u>) Plaintiff states he believes he was poisoned by Correctional Officer ["C.O."] Pauley or "other correctional officers." (<u>Id.</u>) Plaintiff alleges that C.O. Pauley "became aggressively combatant towards [him] upon entry to the Special Housing Unit after he learned [Plaintiff] was a male bi-sexual inmate." (<u>Id.</u>) Plaintiff alleges that he notified Warden Rickard that he was being sexually harassed by C.O. Pauley. (<u>Id.</u>, p. 7.) Plaintiff acknowledges that the Special Investigation Services were notified. (<u>Id.</u>) Plaintiff, however, complains that he is now experiencing harassment from C.O. Hurd and Atkins in retaliation for his complaint to Warden Rickard. (<u>Id.</u>, pp. 7 – 10.) Plaintiff further complains that he has been designated for transfer to another prison for approximately six-weeks, but the transfer has not yet occurred "due to pending write ups (shots) from Officer Hurd." (<u>Id.</u>, p. 8.) Plaintiff requests monetary and injunctive relief. (<u>Id.</u>, pp. 10 – 11.)

Also on August 29, 2018, Plaintiff filed his "Motion Request for Injunctive Relief." (Document No. 10.) Plaintiff requests that the Court either transfer him to another institution or direct BOP staff to refrain from retaliatory or discriminatory conduct. (<u>Id.</u>)

On September 17, 2018, Plaintiff filed a "Motion to Dismiss." (Case No. 1:18-cv-0947, Document No. 7.) In his Motion, Plaintiff requests that the Court "[p]lease dismiss my case without prejudice as to not burden the government." (Id.) The Court notes Plaintiff had two actions pending at the time of the filing of the above Motion (Civil Actions No. 1:18-0947 and 1:18-01207). (Id.) Plaintiff did not include a case number on the above Motion and the Clerk's Office docketed the above Motion in Case No. 1:18-cv-0947. (Id.) After reviewing the record in both cases, the undersigned determined it was unclear whether Plaintiff intended to file the above "Motion to Dismiss" in Civil Action No. 1:18-0947 or Civil Action No. 1:18-01207.[2] By Order entered on September 28, 2018, the undersigned ordered Plaintiff to notify the Court by October 15, 2018, as to whether he intended the above "Motion to Dismiss" to be filed in Case No. 1:18-0947 or Case No. 1:18-01207. (Document No. 12.) Plaintiff, however, has not responded to the Court's Order that was entered nearly four months ago.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[3] See

---

[2] The record reveals that in Civil Action No. 1:18-0947, Plaintiff filed a Motion to Dismiss Without Prejudice on June 4, 2018. (Civil Action No. 1:18-0947, Document No. 4.) By Proposed Findings and Recommendation entered on June 5, 2018, the undersigned recommended that Plaintiff Motion to Dismiss be granted. (*Id.*, Document No. 5.) A review of the documents filed in Civil Action No. 1:18-cv-01207 reveals Plaintiff's belief that Civil Action No. 1:18-0947 was dismissed. (Civil Action No. 1:18-01207, Documents Nos. 1 and 7.) Therefore, the undersigned believes Plaintiff intended to file the "Motion to Dismiss" in Civil Action No. 1:18-cv-01207.

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular

---

> this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since August 29, 2018, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite his receipt of the Court's Order dated September 28, 2018. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendants. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory.[4] Plaintiff, however, has completely failed to take any action in these proceedings for nearly four months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

---

[4] The undersigned notes that Plaintiff filed a Complaint on May 18, 2018, initiating Civil Action No. 1:18-0947. (Civil Action No. 1:18-0947, Document No. 1.) On June 4, 2018, Plaintiff filed a Motion to Dismiss Without Prejudice. (Id., Document No. 4.) By Proposed Findings and Recommendation entered on June 5, 2018, the undersigned recommended that Plaintiff's Motion be granted and his Complaint be dismissed without prejudice. (Id., Document No. 5.) By Memorandum Opinion and Order entered on September 20, 2018, United States District Judge David A. Faber adopted the undersigned's Proposed Findings and Recommendation and dismissed Plaintiff's Complaint in Civil Action No. 1:18-0947. (Id., Document Nos. 8 and 9.)

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. (See Document No. 4.) Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's Order directing a response by Plaintiff.[5] In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[6] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 4), **DISMISS** Plaintiff's Complaint and Amended Complaint (Document Nos. 1 and 7) without prejudice, **DENY as moot** Plaintiff's Motion for Injunctive Relief (Document No. 10), and

---

[5] It appears that the Court's Order entered on September 28, 2018, was initially returned as undeliverable. (Document No. 13.) The Clerk, however, obtained an updated address for Plaintiff and the Order was mailed to his current place of incarceration at FCI Tallahassee. There is no indication the Plaintiff did not receive a copy of the Court's Order when it was mailed to his updated address. The undersigned further notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

[6] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*,

remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: January 24, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

2014 WL 4063828, at * 5.